OPINION The only' issue for decision is whether the floating docks and the pilings on which they ride with the tides qualify as “tangible personal property” within the meaning of sections 48 and 179. Section 48(a) (1) provides, in part, that for property to qualify as “section 38 property” for purposes of the investment credit, it must be either “tangible personal property” or “other tangible property” used in certain business activities. Under section 179 property will not qualify for the additional first-year depreciation allowance unless it is “tangible personal property.” Petitioners have not presented evidence or contended on brief that the floating docks or pilings qualify for the investment credit as “other tangible property.” The only question before the Court, therefore, with regard to the investment credit issue, as well as the additional first-year depreciation issue, is whether the docks are “tangible personal property.” Neither section 179 nor section 48 defines the term “tangible personal property.” The definitions of “tangible personal property” in sections 1.48-1 (c) and 1.179-3 (b), Income Tax Regs., are substantially identical. Both provisions state that the term means tangible property except land, and improvements thereto, such as buildings or other inherently permanent structures thereon. Both provisions further state that local law shall not be controlling for purposes of determining whether property is or is not “personal.” Although both provisions give examples of nonqualifying property, only in section 1.48-1 (c) of the regulations are docks mentioned: “Thus, buildings, swimming pools, paved parking areas, wharves and docks, bridges, and fences are not tangible personal property.” Respondent contends that the floating docks, together with the pilings, are inherently permanent land improvements within the meaning of the foregoing provisions in respondent’s regulations. We do not agree. The reference to docks in respondent’s regulations does not contemplate structures such as the floating docks under consideration in the case at bar. The evidence presented at the trial established that the floating docks are not inherently permanent structures. The Court reached the same conclusion upon making a personal inspection of the docks. They float on the water as independent units, rising and falling with the tide. The purpose of the pilings is only to limit lateral motion of the docks. The docks are portable. They can readily be removed and placed in other locations or configurations. For instance, finger units of different lengths can be interchanged. An existing section of walkway and accompanying finger units can be moved to a new location in the same basin while remaining part of the same complex of floating docks. As for moving the docks to new locations, that can be accomplished by towing them on the water. Most of the pilings would not necessarily have to be first removed. Respondent takes the position that the floating docks are inherently permanent structures because they are permanently attached or affixed to land. Respondent sets forth three methods in which the docks are so attached. The first is by gangways which are hinged to permanent piers on shore and rest on the floating docks by means of rollers. The second method is the connection of electrical and plumbing utilities to the docks from land-based sources. The third is the attachment of the docks to pilings. Respondent mistakenly assumes that annexation to land precludes classification of property as “tangible personal property” under section 48. Respondent’s regulations even describe various kinds of property which are considered “tangible personal property” even though they are annexed to the ground: Thus, such property as production machinery, printing presses, transportation and. office equipment, refrigerators, grocery counters, testing equipment, display racks and shelves, and neon and other signs, which is contained in or attached to a building constitutes tangible personal property for purposes of the credit allowed by section 38. ⅜ * * See sec. 1.48-1 (c), Income Tax Regs. Notwithstanding respondent’s mistaken assumption, we still do not think the docks are attached or affixed to land. The gangways merely rest on the docks by means of rollers. The electrical and plumbing connections are not significantly different from those of ships and boats which depend on land-based utilities when the vessels are docked. As for the fact that pilings are used to guide the docks, we do not think such fact converts the docks into permanent fixtures. Contrasted to the docks, the pilings are permanent. The partnership drove the piles in basin No. 1 as deep as 15 feet into the mud at the bottom of San Francisco Bay. Piledrivers were used to drive the piles into the bottom or to later remove them. We therefore hold that the pilings are not “tangible personal property” within the meaning of section 48 or section 179. Respondent argues that the floating docks, together with the pilings, function as one unit. He then insists that we must decide this case on an “all nor nothing” basis. In our case we think the pilings are components separate from the docks to which they are attached. The pilings are not an integral part of the docks. They are used to serve the same purpose as anchors attached to cables. Finally, in the instant case respondent relies upon Rev. Rul. 67-67, 1967-1 C.B. 6, as authority for his position. This ruling, published after the years in issue in this case, holds that the very docks in question are not “tangible personal property” for purposes of the investment credit. We dismiss this argument by pointing out that the revenue ruling is no more binding nor has any more legal force than the opening statements of counsel at the time of trial of this case. Henry C. Beck Builders, Inc., 41 T.C. 616, 628 (1964). Decisions will ~be entered under Bule SO.